**IN THE UNITED STATE DISTRICT COURT**
**FOR THD WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **WILLIAM GRAHAM AND** | § | |
| **LISA L. GRAHAM,** | § | |
|     **Plaintiff/Counter-Defendants** | § | |
| | § | |
| **v.** | § | **CASE NO: 1:17-cv-292-LY** |
| | § | |
| **U.S. BANK NATIONAL** | § | |
| **ASSOCIION AS LEGAL TITLE** | § | |
| **TRUSTEE FOR TRUMAN 2016 SC6** | § | |
| **TITLE TRUST; FAY SERVICING,** | § | |
| **LLC; AND MACKIE, WOLF &** | § | |
| **ZENTZ, P.C.** | § | |
|     **Defendants.** | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT**

    COME NOW, Plaintiffs/Counter-Defendants (hereinafter the "Grahams" or "Plaintiffs"), by counsel, and file their Response to Defendant's Motion for Summary Judgment and respectfully request that this Court deny Defendant's motion. In support thereof, Plaintiffs would show the Court as follows:

1.   Defendant/Counter-Plaintiff U.S. Bank Association as Legal Title Trustee for Truman 2016 SC6 Title Trust (hereinafter "U.S. Bank" or "Defendant") has moved for summary judgment on its counterclaim for foreclosure, but has failed to bring sufficient admissible evidence before this Court to show that they are entitled to judgment as a matter of law.

2.   Defendant relies on, *inter alia*, a promissory note U.S. Bank claims was executed by the Plaintiffs in 2007, (Defendant's Exhibit 1-B) and a Homestead Lien Contract and Deed of Trust (Defendant's Exhibit 1-C). Defendant asks this Court to grant Defendant summary judgment on their foreclosure action based on these two documents.  However, both

reveal on their face that they were executed in favor of Bank of America N.A. as the lender. There are no supporting documents offered by Defendant that it has acquired the right to proceed under the document, no documents supporting a transfer or assignment from Bank of America to Defendant U.S. Bank.  These deficiencies constitute the very gravamen of the complaint brought by Plaintiffs:  U.S. Bank has no authority to do anything regarding Plaintiffs' home equity loan.

3. There is an unexplained gap of ten years between Plaintiff's note to Bank of America and the alleged transfer of that note to U.S. Bank from Christiana Trust that is unaccounted for in Defendant's timeline of events. Defendant's relied upon facts allege that the Grahams executed the promissory note and Homestead Lien Contract and Deed of Trust in 2007 and then magically claim a right to proceed with foreclose based on an assignment made ten years later, in 2017, from an entity called Christina Trust to Defendant.  There is no evidence supporting any right of Christiana Trust to transfer Plaintiffs' Note and Deed of Trust to anyone.

4. Moreover, Defendant further offers the affidavit of Duane Thomas (Affidavit in Support of Motion for Summary Judgment, Defendant's Exhibit 1) in support of its motion which affidavit contains inadmissible evidence on account of its unreliabilty. While Mr. Thomas baldly asserts that the records attached to his affidavit ("Exhibits 1-A through 1-G") are "true and correct copies or the exact duplicates of the originals," nowhere in his affidavit does Mr. Thomas assert how he came about his personal knowledge that such is true.  He never states, for instance, that he has reviewed the collateral file that would contain the originals of these documents. He therefore cannot state within his personal knowledge any of the assertions he makes in paragraphs 2 through 6 of his affidavit. Without some

statement on his part that he has reviewed the original documents in the collateral file, Mr. Thomas has no basis for stating it is in his personal knowledge that the Grahams acquired the property in question, executed a promissory note, executed a Homestead Lien Contract and Deed of Trust, that an assignment of the deed of trust was made from Christina Trust to U.S. Bank or that there is a default under the loan agreement.

5. Finally, Defendant improperly seeks an award of attorney's fees in the amount of $1,912.50. Any such award against the Grahams personally would be improper. In Texas, attorney's fees are only awardable to a party if authorized by statute or contract. *Akin, Gump, Strauss, Hauer & Filed, L.L.P. v. National Development & Research Corp.*, 299 S.W.3d 106, 119 (Tex. 2009). Home Equity loans authorized by the Texas Constitution, Section 50(a)(6) of Article XVI, as was the promissory note here, (see Defendant's Exhibit 1-B, p. 2), are *in rem* in nature and are, hence, nonrecourse loans which can only be enforced against the property itself, not personally against a borrower. See *Wells Fargo Bank N.A. v. Murphy*, 458 S.W.3d 912 (Tex. 2014). Therefore, any award of attorney's fees entered against the Grahams personally, would not be proper.

6. Christiana Trust can't file claims in federal court under TRCP 735 and 309.  Those are rules of procedure applicable in Texas Court not federal court.  Federal Court follows the federal rules of civil procedure not the Texas rules of civil procedure.

7. Paragraph 16 of Defendant's motion is a misstatement of the standard for MSJ.

8. *Marshall* and *Huston* cases as characterized do not accurately reflect the state of the law in view of the *Wood* and *Garofolo* cases decided by the Texas Supreme Court.  The loan inherently must be foreclosure eligible in order for the lender to get a judgment of

foreclosure.  It is not the homeowner's burden to prove the loan is foreclosure eligible, it is the lender's burden.

9.   In order to be foreclosure eligible, the loan must be made on the terms found at Tex. Const. Art. XVI Sec. 50(a)(6)(A)-(P) and the conditions found at 50(a)(6)(Q)(x)-(xi).  All of these terms cannot be found in the documents before the court.

10. Paragraphs 25, 28, 29, and 30 of Defendant's motion include or reference remedies the federal court cannot grant.  A judicial foreclosure is followed by a sale by marshal not the sheriff or constable.  Likewise TRCP 309 is not the applicable rule.

WHEREFORE, premises considered, Plaintiffs request that the motion for summary judgment be denied.

Respectfully submitted,

GAMMON LAW OFFICE, PLLC

/s/ William B. Gammon

_____
WILLIAM B. GAMMON, SBN: 07611280
1201 Spyglass Drive, Ste. 100
Austin, Texas 78746
Phone: (512) 472-8909
Fax: (888) 545-4279
Firm@GammonLawOffice.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2017 a true and correct copy of the foregoing document was served upon all counsel of record for all parties via this court's ECF system in accordance with FRCP 5 and all local rules.

Mark D. Cronenwett
mcronenwett@mwzmlaw.com
Dustin C. George
dgeorge@mwzmlaw.com
14160 N. Dallas Parkway
Suite 900
Dallas, TX 75254

Crystal G. Roach
CrystalR@BDFgroup.com
4004 Belt Line Road
Suite 100
Addison, TX 75001-4320

ATTORNEYS FOR CHRISTIANA TRUST
and FAY SERVICING and MACKIE WOLF

ATTORNEYS FOR US BANK

**/s/ William B. Gammon**

_____
William B. Gammon