IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WILLIAM GRAHAM AND § <br> LISA L. GRAHAM, § <br>      Plaintiffs, § <br> V. § <br>       § <br> U.S. BANK NATIONAL ASSOCIATION § <br> AS LEGAL TITLE TRUSTEE FOR § <br> TRUMAN 2016 SC6 TITLE TRUST; FAY § <br> SERVICING, LLC, AND MACKIE, WOLF § <br> & ZIENTZ, P.C., § <br>      Defendants. § | CAUSE NO. 1:17-CV-292-LY |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

  Before the court are Defendant/Counter-Plaintiff's Motion for Summary Judgment (Dkt. #19), and related pleadings.[1] Having reviewed the pleadings, the motion, the briefing, the evidence, and the relevant law, the undersigned issues the following Report and Recommendation to the District Court.

**I. BACKGROUND**

  **A. Procedural History**

  Plaintiffs originally brought this action in the 201st Judicial District Court of Travis County, Texas as cause number D-1-GN-17-000494, styled *William Graham and Lisa L. Graham v. Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as Trust of ARLP Trust 5; Fay Servicing, LLC; and Mackie, Wolf & Zientz, P.C.* The allegations in Plaintiffs' Original Petition and Request for Disclosure related to foreclosure proceedings of a

---

[1] The Motion for Summary Judgment (Dkt. #19) and its responsive pleadings were referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72; Loc. R. W.D. Tex. App. C, Rule 1(d).

1

loan security (the "Loan Agreement") by real property at 11013 Sierra Verde Trail, Austin, Texas 78759 (the "Property").

In their Original Petition, Plaintiffs sought a declaratory judgment that the notice of foreclosure sale was invalid and brought a breach of contract claim that all notices required by the loan agreement were not sent prior to foreclosure. They asked the court to issue a declaration that the promissory note involved in their case was fraudulent, that the assignment of the lien was void, that the pre-foreclosure notices were improper, that the signature on the notice of the foreclosure sale was fraudulent, and that Defendants lacked the authority to foreclose. They also sought damages and attorney's fees.

Defendants timely removed the case to this federal court and filed a motion to dismiss under Rule 12(b)(6), arguing that Plaintiffs' claims all failed as a matter of law. Defendant Christiana Trust, acting as Trustee of ARLP Trust 5, filed a counterclaim seeking an order allowing judicial foreclosure. In addressing Defendants' Motion to Dismiss, the undersigned issued a Report and Recommendation recommending that Plaintiffs' claims all be dismissed. Plaintiffs filed no objection to the Report and Recommendation and subsequently, the District Court accepted and adopted the Report and Recommendation and dismissed all Plaintiffs' claims with prejudice. The counterclaim was not addressed by the court at that time. Shortly after Plaintiffs' claims were dismissed, Defendant Christiana Trust moved the court for leave to amend to substitute U.S. Bank, as Christiana Trust had conveyed and sold to U.S. Bank all claims, demands, and causes of action in this matter. Plaintiffs did not file a response to the motion, and it was granted as unopposed. The style of the case was modified to reflect the substitution. Now, Defendant U.S. Bank moves for summary judgment on its judicial foreclosure claim.

### B. Relevant Facts

Plaintiff William Graham acquired the Property by Warranty Deed with Vendors Lien in 1987. Dkt. #19-2 at 2-3. On November 8, 2007, Plaintiffs executed a Promissory Note (the "Note") in the principal amount of $250,000.00. Dkt. #19-3 at 2-4. Plaintiffs also executed a Homestead Lien Contract and Deed of Trust ("Deed of Trust," and together with the Note, "Loan Agreement") granting a security interest in the Property. Dkt. #19-4. The Note was originally held by Bank of America. *Id.* At the time this proceeding was initiated it was held by Christiana Trust and now Defendant U.S. Bank is the current holder of the Note and beneficiary of the Deed of Trust. Dkt. #22-1; Dkt. #19-5.

Plaintiffs failed to make the payments under the terms of the Loan Agreement. Dkt. #19-6. A notice of default and cure dated September 21, 2013 was mailed to Plaintiffs. *Id.* The default was not remedied. A notice of acceleration dated July 12, 2016 was mailed to Plaintiffs. Dkt. #19-7. At the time of the filing of this Motion, Plaintiffs were 81 months behind on their payments and the total amount due and owing on the loan was at least $430,762.99 with interest accruing daily. Dkt. #19-8.

## II. THE MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations and footnote omitted).  When reviewing a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (alteration in original) (quoting *Anderson*, 477 U.S. at 255). Further, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Furthermore, the nonmovant is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"When the moving party has met its Rule 56[ ] burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Id.* (internal

quotation marks omitted). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). "In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party." *Duffie*, 600 F.3d at 371. When the movant bears the burden of proof on an issue, it must establish "beyond peradventure all of the essential elements of the claim . . . to warrant judgment in its favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

### B. Analysis

To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration. *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013); TEX. PROP. CODE § 51.002. Defendant U.S. Bank argues that because "[t]he summary judgment evidence conclusively establishes that the Loan Agreement is a home equity lien pursuant to Texas Constitution, Art. XVI, § 50(a)(6), that the loan is secured by a lien against the Property, that U.S. Bank is the payee of, and the owner and holder of the Note and Deed of Trust, that U.S. Bank is the mortgagee as that term is defined by § 51.0001(3) of the Texas Property Code, [Plaintiffs] failed to pay the amounts due under the Note when due, and [Plaintiffs] were provided the proper notice to cure the default and failed to do so, and [Plaintiffs] are in breach of their loan obligations," Defendant is entitled to an order permitting judicial foreclosure on its lien. Dkt. #19 at 7.

Plaintiffs respond that Defendant U.S. Bank failed to offer evidence that U.S. Bank has authority to foreclose, that the affidavit of Duane Thomas offered in support of the Motion is unreliable, that an award of attorney's fees is improper, that "all of the terms" constitutionally required "cannot be found in the documents before the court", that federal courts follow the Federal Rules of Civil Procedure such that the Texas rules cited to by Defendant are inapplicable, and that any sale following judicial foreclosure is made by a marshal and not the sheriff or constable. Dkt. #21 at 2-4. Importantly, Plaintiffs do not cite to any specific evidence in their response, nor do they contest that the debt exists, that the debt is secured by the required lien, that they are in default, or that they received actual notice of default and acceleration.

As to the affidavit of Duane Thomas, Plaintiffs' arguments are unavailing. The affidavit specifically states that Duane Thomas is an employee of Fay Servicing LLC, the relevant mortgage servicer, and that the facts included in the affidavit are within his personal knowledge and true and correct. The business records upon which he relies as an employee of the servicer and which he attaches to the affidavit in support are competent summary judgment evidence for U.S. Bank. *See U.S. v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990) (holding that business records of one company may become business records of a second company without accumulation of inadmissible hearsay and "there is no requirement that the records be created by the business having custody of them"). Moreover, "the primary emphasis of rule 803(6) is on the reliability or trustworthiness of the records sought to be introduced" and "[t]he district court has great latitude on the issue of trustworthiness." *Id*. (internal citations omitted). Further, Plaintiffs have offered no competing evidence that substantiates their assertion that the affidavit or the business records relied upon are unreliable.

As to U.S. Bank's authority to foreclose, Plaintiffs' arguments are similarly unavailing. U.S. Bank has demonstrated its authority to foreclose as the holder of the Note and beneficiary of the Deed of Trust. The District Court previously concluded that Christiana Trust, the former holder of the Note, had the authority to foreclose.[2] The Thomas affidavit avers that U.S. Bank is the current holder of the Note. In response to Plaintiffs' concerns that "there is an unexplained gap of ten years" in Defendant's timeline and Defendant has not demonstrated any transfer from the original noteholder Bank of America to the current noteholder U.S. Bank, Defendant attached to its reply an assignment of November 24, 2014 from Bank of America to Christiana Trust, which was executed on December 9, 2014 and filed and recorded in the public records of Travis County on December 29, 2014, completes Defendant's timeline. *See* Dkt. #22-1. Plaintiffs did not seek leave to file a sur-reply to respond to this evidence, nor have they offered any competing evidence that substantiates their speculation that U.S. Bank lacks the authority to foreclose.

Accordingly, as described above, U.S. Bank has presented sufficient summary-evidence to establish each element of its judicial foreclosure counterclaim, and the undersigned recommends granting Defendant's request for an order and judgment of foreclosure against Plaintiffs.

As to attorney's fees, Plaintiffs' arguments are again unavailing. Under general Texas contract law, a party may recover attorneys' fees when such recovery is provided by statute or by contract. However, home equity loans executed pursuant to Article 16, § 50(a)(6) of the Texas Constitution are non-recourse by definition and preclude contractual mortgagor liability. But

---

[2] Plaintiffs admitted in their Petition that the subject lien was assigned to Christiana Trust and the District Court dismissed with prejudice their claim that the Note's endorsement had been forged, concluding that Christiana Trust had authority to foreclose. *See* Dkt. #1-1 at 3-4; Dkt. #13 at 9, Dkt. #14. With this history, Plaintiffs' Response re-urging their speculation that Christiana Trust lacked authority to transfer the Note and Deed of Trust is misguided at best.

while the mortgagor is not personally liable for attorney's fees, the mortgagee may recover its attorney's fees, if permitted under the relevant contract, against the mortgaged property after a foreclosure sale. *See e.g., In re Velazquez*, 660 F.3d 893, 895–96 (5th Cir. 2011); *Huston*, 988 F. Supp. 2d at 741-42. Here, the undersigned concludes that the terms of the Loan Agreement permit the recovery of attorney's fees. *See, e.g.,* Dkt. #19-3 at 2.

After reviewing U.S. Bank's evidence regarding attorney's fees, the undersigned concludes that U.S. Bank has met the requirements for recovery of fees under the security instrument. The rates charged by U.S. Bank's counsel are reasonable hourly rates as compared to attorneys with similar experience in a similar market, and the number of hours expended are reasonable as compared to the time and labor required to perform similar legal services. The undersigned recommends awarding attorney's fees for work performed to date in the amount of $1912.50 as part of the note balance that may be satisfied through a foreclosure sale of the property. *See* Dkt. #19-9 at 3.

### III.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (Dkt. #19) be **GRANTED**.

### IV.   OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED July 16, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE